## AAGARD v. JUAB COUNTY.

No. 4830.   Decided October 1, 1929.   (281 P. 728.)

A. W. *Jensen*, of Ephraim, for appellant.

*Will L. Hoyt* and *P. J. Sanders*, both of Nephi, for respondent.

## ELIAS HANSEN, J.

The plaintiff prosecutes this appeal from a judgment dismissing his complaint against the defendant. The judgment appealed from was rendered on the pleadings filed in the cause. The plaintiff, in his complaint, which contains two causes of action, in substance, alleges: That on April 8, 1920, the plaintiff and his brother, A. James Aagard, were the owners as tenants in common of two tracts of land situated in Juab county, Utah; that on April 8, 1920, A. James Aagard died, leaving surviving him as heirs at law a widow and three minor children; that administration was had of the estate of A. James Aagard, and on or about May 20, 1922, the plaintiff purchased the undivided one-half interest of A. James Aagard in and to the lands described in the complaint; that the plaintiff is, and since May 20, 1922, has been, the sole owner in fee simple of all of the lands described in the complaint; that during the summer of 1920 the defendant, without the consent and against the will of the plaintiff and the heirs at law of A. James Aagard, constructed a public highway on a portion of the lands described in the complaint; that the highway so constructed has been used by the public generally ever since it was constructed, and is a part of the public road system of Juab county and of the state of Utah; that the value of the land taken for a highway over one of plaintiff's tracts of land is the sum of $39.55, and the remainder of that

tract has been damaged in the sum of $1,428; that the value of the land taken for and rendered valueless by the construction of the highway over the other tract of plaintiff's land is the sum of $440; that the remainder of that tract of land has been damaged in the sum of $223 by the construction of the highway. Plaintiff prayed judgment for the total sum of $2,166.55, together with interest thereon at the rate of 8 per cent per annum from July 1, 1920, and for "such further and other relief as may be just."

The defendant, in its answer, in substance admits, denies, and alleges: It denies that plaintiff is the owner of the land described in his complaint. It admits that it took possession of and constructed a road upon the lands described in plaintiff's complaint; that no condemnation or other legal proceedings affecting the property over which the highway was constructed were ever taken by the defendant. Defendant denies that the property upon which the road in question was constructed was wrongfully taken. It is alleged that the taking of the land was a proper and reasonable exercise of the power of eminent domain belonging to Juab county as a county of the state of Utah, and was necessary for the safety and convenience of the public in traveling between the towns of Silver City, Utah, and Lynndyl, Utah. Defendant alleges that the land taken was of the value of not to exceed $49.33. It denies that any land, not taken for the construction of the road, was damaged. As an affirmative defense, defendant alleges that the road in question was constructed prior to the year 1920; that no claim has ever been presented to Juab county for the land taken by it; that ever since the year 1919 the defendant has been in actual, open, notorious, peaceable, continuous, and adverse possession of the land upon which the road was constructed, and that plaintiff and his predecessors in interest have had actual knowledge of such possession; that the plaintiff has not paid any taxes which have been lawfully levied and assessed on the land used for a public road for more than seven years immediately preceding the com-

mencement of his action; that the defendant is the owner of the land upon which the road was constructed. Defendant further pleads that plaintiff's alleged causes of action are barred by the provisions of sections 1427, 1428, 1429, 6450, 6468, 6472, and 6474, Comp. Laws Utah 1917. The defendant prayed judgment "that plaintiff take nothing by his complaint herein, and that defendant have judgment and decree of this court determining all adverse claims of the plaintiff in and to the two parcels of land mentioned and described in defendant's counterclaim herein, and that by said decree it be declared and adjudged that the plaintiff has not any estate, right, title, or interest whatever in or to either of said parcels of land or any part thereof and that the title of defendant to said land is good and valid and that plaintiff be forever enjoined and debarred from asserting any claim whatever to said land or any part thereof adverse to the defendant."

Plaintiff replied to defendant's answer. In his reply plaintiff admits that he did not present any claim to Juab county before bringing his action. He alleges that he has paid taxes on the land which has been used for a road during all of the time it has been so used, and that therefore the defendant is estopped from claiming title thereto. Plaintiff denies generally the other allegations of defendant's answer. Other allegations appear in the pleadings of the parties, but they are not material to the question presented for review on this appeal.

The sole question presented for determination on this appeal is whether or not the plaintiff can maintain this action without having first filed a claim with the proper county officers. The defendant contends, and the trial court held, that the presentation of a claim to the proper county authorities is a condition precedent to the right of the plaintiff to maintain this action. It was because no such claim had ever been presented that the trial court rendered judgment against the plaintiff on the pleadings in this cause. The plaintiff contends that it was not necessary for him to pre-

sent a claim to the county officers, and that the trial court was in error in rendering judgment on the pleadings.

The provisions of Comp. Laws Utah 1917 relied upon by the defendant read as follows:

Section 1427: *"Claims—Form—Time of Presentation.* The board of county commissioners shall not hear or consider any claim of any person against the county, nor shall the board credit or allow any claim or bill against the county, unless the same be itemized, giving names, dates, and particular service rendered, nor until it has been passed upon by the county auditor. If the claim is for service of process, it shall state the character of process served, upon whom, the number of days engaged, and the number of miles traveled; if for materials furnished, to whom, by whom ordered, quality, and price agreed upon. Every claim against the county must be presented to the county auditor within a year after the last item of the account or claim accrued. In all cases claims shall be duly verified as to their correctness and as to the fact that they are justly due, by the claimant or his authorized agent. If the board shall refuse to hear or consider a claim because it is not properly made out, it shall cause notice of the fact to be given to the claimant or to his attorney, and shall allow sufficient time for the same to be properly itemized and verified."

Section 1428: *"Allowance or Rejected.* When the board finds that any claim presented is not payable by the county, or is not a proper county charge, it must be rejected. If it is found to be a proper county charge, but greater in amount than is justly due, the board may allow the claim in part, and may order a warrant drawn for the portion allowed. If the claimant is unwilling to receive such amount in full payment, the claim may be again considered by the board."

Section 1429: *"Action on Rejected Claim.* A claimant dissatisfied with the rejection of his claim or demand, or with the amount allowed him on his account, may sue the county therefor at any time within one year after the first rejection thereof by the board, but not afterward; and if, in such action, judgment is recovered for more than the board allowed, on presentation of a certified copy of the judgment, the board must allow and pay the same, together with costs adjudged; but if no more is recovered than the board allowed, on presentation of a certified copy of the judgment, the board must allow and pay the same, together with the costs adjudged; but if no more is recovered than the board allowed, the board must pay the claimant no more than was originally allowed."

We are of the opinion that the principles of law announced by this court in the case of *Wall* v. *Salt Lake City,* 50 Utah 593, 168 P. 766, are controlling as to the question presented for review in this case. In that case the title to a disputed strip of ground constituted the subject-matter of the action. The plaintiff sought to quiet her title to the land in dispute, to secure injunctive relief, and for damages. Salt Lake City sought to defeat plaintiff's claim for damages because she had not, prior to the commencement of her action, presented any claim for damages to the city council, as required by Comp. Laws Utah 1907, §§ 312 and 313. This court held that where the principal relief sought is equitable, and the damage prayed for is merely incidental a claim for damages need not be presented.

In this proceeding a strip of land is the subject matter of dispute. The plaintiff alleges that he is the owner in fee simple of the land. While plaintiff specifically prays for a money judgment for the value of the land in dispute, he also prays for "such further and other relief as may be just." The facts alleged in the complaint, if true, are clearly sufficient to entitle plaintiff to a decree quieting his title to the land in controversy and to injunctive relief. From the allegations of the complaint, aside from the demand for judgment, it would seem the pleader intended that the complaint should state a cause in equity for quieting title to the land upon which the road was constructed; otherwise it is difficult to see why the pleader should have alleged that the plaintiff was the owner in fee simple of such land. The plaintiff could not well recover compensation from Juab county for the value of the land, the fee-simple title to which remained in him, without first having conveyed or tendered conveyance of some right or title to Juab county.

Any doubt as to the principal issue raised by the pleadings in this cause was removed when the defendant filed its answer. The defendant denied plaintiff's ownership of the strip of land upon which the road was constructed and claimed that the fee-simple title to the land was in the de-

fendant county. The defendant prayed that its title to the land be quieted and for injunctive relief. The principal question raised by the pleadings is thus equitable. The statutory provisions which require claims against a county to be presented to the county auditor and to the county commissioners do not apply to such a case. One who claims to be the owner of a tract of land in which the county claims an interest is not required to present a claim to the county authorities for such land before bringing a suit to quiet title. The mere fact that plaintiff prayed for a money judgment against the defendant for the value of land does not change the nature of the proceeding, particularly in view of the fact that the plaintiff also prayed for "such further and other relief as may be just." If the defendant county had disclaimed all right and title to the land upon which the road was constructed, a different situation would have been presented. The county did not choose to follow that course. It claims title to the land. If Juab county owns the land, or an easement over the land, upon which the road was constructed, the plaintiff must fail in his action. On the other hand, if the plaintiff is the absolute owner of the land in dispute, he is entitled to some relief by way of quieting his title and enjoining the defendant county from further using his property, unless it chooses to retain the land and compensate the plaintiff therefor.

The defendant pleaded provisions of the statute of limitations other than those relating to the presentation of claims. It is not claimed, however, that any of the other provisions of a statute of limitations so pleaded support a judgment on the pleading. Before it can be determined whether or not any of the other provisions of the statute of limitations pleaded by defendant as a bar to plaintiff's claim have any application in this proceeding, the facts which are in dispute must be ascertained.

It follows that the judgment should be reversed. Such is the order. This cause is remanded to the district court of Juab county for such further proceeding, not inconsistent

herewith, as may be deemed just and proper. Appellant is awarded his costs on appeal.

CHERRY, C. J., and STRAUP, EPHRAIM HANSON, and FOLLAND, JJ., concur.