**EL RANCHO ENTERPRISES, INC., a Utah Corporation, Marvin Miller, dba Trailer City, Gordon Chidester, dba Grant View Trailer Park, and Quality Inns International, a Delaware Corporation, Plaintiffs, Appellants, and Cross-Defendant,**

v.

**MURRAY CITY CORPORATION, a Municipal Corporation, Defendant, Respondent, and Cross-Appellant.**

**No. 14693.**

Supreme Court of Utah.

June 8, 1977.

1. *Rainford v. Rytting,* 22 Utah 2d 252, 451 P.2d 769 (1969).

2. *Board of Education v. Wright-Osborn,* 49 Utah 453, 164 P. 1033 (1917).

3. Ibid.

Ray R. Christensen and R. Collin Mangrum, of Christensen, Gardiner, Jensen & Evans, Salt Lake City, for appellants.

Merrill Hansen, Murray City Atty., H. Craig Hall, Asst. Murray City Atty., Murray, for respondent.

HALL, Justice:

This appeal arises out of a dismissal of a suit for overcharges on water and sewer services and for discrimination in failing to provide usual city services.

The basis for the dismissal by the trial court was the notice requirement of Section 10–7–77, U.C.A.1953 (1975 Supp.) which requires claims of the nature we are concerned with here to be presented by a formal notice of claim to the municipality within one year after the last item of such account or claim accrued.

Plaintiffs maintain: (1) that Section 63–30–5, U.C.A.1953, as amended in 1975 (Utah Governmental Immunity Act) waives immunity for contractual claims and expressly exempts such claims from the notice provisions and bond requirements of the Act, and that defendant had informal notice and actually made a settlement offer with one plaintiff prior to commencement of the lawsuit and; (2) that their claims were equitable in nature and governmental immunity and lack of notice are not available as defenses.

Initially, plaintiffs assigned as error the trial court's refusal to consider defendant as estopped to assert failure to give notice of claim by reason of its settlement offer, however, such was specifically abandoned at the time of argument.

The second assignment of error appears to be well taken and dispositive of the appeal.

▪▪▪ The common law exception to governmental immunity pertaining to equitable claims has long been recognized in this jurisdiction. In *Auerbach v. Salt Lake County*[1] this court quoted Mr. Justice Field in *Argenti v. City of San Francisco,* 16 Cal. 256, in affirming the trial court's judgment on a contractual claim where the notice requirements of statute were not met:

"If the city obtain the money of another by mistake, or without authority of law, it is her duty to refund it—not from any contract entered into by her on the subject, but from the general obligation to do justice which binds all persons, whether natural or artificial. If the city obtain other property which does not belong to her, it is her duty to restore it; or if used by her, to render an equivalent to

1. 23 Utah 103, 63 P. 907 (1901).

the true owner, from the like general obligation. In these cases she does not, in fact, make any promise on the subject, but the law, which always intends justice, implies one; and her liability thus arising is said to be a liability on an implied contract . . . ."

In *Wall v. Salt Lake City*[2] this court again held that an equitable claim may be brought without the necessity of first presenting a claim for damages. The basic premise of *Wall* was reaffirmed in *Aagard v. Juab County*[3] wherein this court held that a cause of action to quiet title and for injunctive relief might be maintained without having presented a claim.

The foregoing cases have in no way been eroded by the passage of time or the enactment of the Utah Governmental Immunity Act, in fact, *Greenhalgh v. Payson City*[4] reasons that since no common law exceptions were treated by the Act, nor abolished from it, they remain as viable exceptions thereto.

In this case the plaintiffs' claims are based on equitable principles and are exempt from notice requirements since they are composed of alleged overcharges, made by mistake or fraud and without authority of law. They further claim the misapplication of utility ordinances and consequent unjust enrichment, arbitrary, capricious and discriminatory treatment, praying for injunctive relief, all of which sounds in equity. The fact that a claim is made for trespass is not fatal, and only incidental, since by far the majority of the claims are based on equitable considerations.

The judgment of dismissal is vacated for further proceedings consistent herewith. No costs awarded.

CROCKETT, MAUGHAN and WILKINS, JJ., concur.

2. 50 Utah 593, 168 P. 766 (1917).

3. 75 Utah 6, 281 P. 728 (1929).

4. Utah, 530 P.2d 799 (1975).

ELLETT, Chief Justice (dissenting):

The main opinion is based on the principle of estoppel in pais regarding the notice requirement of the statute cited [1] and relies on two Utah cases in support thereof. In my opinion, those cases do not justify the result reached in this instant matter.

The first case cited in the opinion is that of *Auerbach v. Salt Lake County*[2] wherein Salt Lake County bought furniture and fixtures from Auerbach's assignor and gave a warrant in partial payment therefor. When the warrant was presented for payment, the county refused it, alleging, among other reasons, that there had been bribery on the part of one of the selectmen who authorized the purchase. The county did not offer to return the furniture but kept it and used it. This Court affirmed the judgment of the trial court in holding that it was the duty of the county to return, or offer to return, the furniture or to pay the reasonable value thereof to the holder of the warrant.

The county there claimed that even if it were liable to pay for the furniture, Auerbach could not recover for the reason that he had not filed a claim with the County Commission as required by the statute. This Court disposed of that claim in the following language:

> This point, as appears, was made for the first time in the appellate court, and therefore, can not avail the appellant, there being no statute in this state which expressly prohibits the bringing of an action on any claim before it has been so presented and acted upon. Such an objection simply goes in abatement of the action, and, to have effect, must be urged by proper plea, or in some appropriate manner in the trial court, or the objection will be regarded as waived.

The other cited case is *Wall v. Salt Lake City*.[3] That was a case where the owner of

1. 10–7–77, U.C.A.1953 (1975 Supp.)

2. 23 Utah 103, 63 P. 907 (1901).

3. 50 Utah 593, 168 P. 766 (1917).

land had filed a subdivision plat with the city on which a street was shown to be sixty-six feet in width. This plat was approved by the city in 1892. The plaintiff loaned money to the owners of certain lots in that plat and relied on the plat for a description of the land which secured the debt. Taxes were assessed and paid on the lots as described in the plat. Twenty-one years later, the city trespassed onto the lots which secured plaintiff's loan and began digging trenches in which to place drain pipes. It assumed that the streets were eighty-four feet wide and claimed that the acts of the commission in approving the original plat was ultra vires.

The plaintiff sued to quiet title to the area of each lot outside the street as designated on the plat for damages and for injunctive relief. There was no question raised regarding the filing or failing to file a claim. This Court cited 3 Dillon, Municipal Corporations (5th Ed.), Section 1194, wherein it was said:

> . . . The author cannot assent to the doctrine that, as respects public rights, municipal corporations are impliedly within ordinary limitation statutes. It is unsafe to recognize such a principle. But there is no danger in recognizing the principle of an estoppel in pais as applicable to exceptional cases, since this leaves the courts to decide the question, not by the mere lapse of time, but upon all the circumstances of the case to hold the public estopped or not, as right and justice may require.

This Court then said, "We hold that this case falls within the exceptional class of cases referred to by Judge Dillon, and that it is the duty of the Court to decide it as 'right and justice require.' It is our opinion that the city is estopped from claiming the premises in question as a public street."[4]

As to the claim for damages in *Wall*, this Court held that it was not necessary to present the claim for damages to the City Council before bringing the action since the principal relief sought was equitable and the damage prayed for was only incidental.

The instant case is not equitable, nor do the plaintiffs show any peculiar set of facts that would make difficult the timely filing of a claim. They merely assert that (a) the city misapplied its ordinances and overcharged them for water and sewer rates; (b) the city discriminated against them in failing to provide normal city services; and (c) the city took personal property and damaged their adjoining property.

The main opinion does not discuss the claim of defendant that this action is for a breach of contract to furnish services. I am unable to see any contract between the appellants and the city. The city makes water available to its citizens but does not force it upon them. One who desires to be served must make it known by means of filing an application. There is no contract. If there is, then the city would be liable for a breach in case of a shortage of available water. The rates could not be increased without a breach of the agreement. If it be assumed that the contract provides for such fees as may subsequently be established, then there is no contract because of a lack of definiteness.

To me, this overcharge by the city, if it be such, is a matter of adjustment and would require the filing of a claim. No claim was timely filed in this matter and, therefore, the appellants cannot recover in this lawsuit.

It is my opinion that the judgment of the trial court should be affirmed.

4. Id. at 607, 168 P. at 772.